UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK KLAWITER,

    Plaintiff,

v.

                                                                                           Hon. Robert J. Jonker

STATE OF MICHIGAN, et al.,                          Case No. 1:24-cv-851

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark Klawiter paid the filing fee and filed his pro se complaint in this action on August 20, 2024, against the State of Michigan, the 62-A District Court, and District Judge Pablo Cortes. Having reviewed Plaintiff's complaint, I recommend that the Court dismiss this action for lack of jurisdiction.

In 2007, Klawiter Heating & Cooling, LLC, of which Klawiter apparently is or was a member, sued Steve Rau in the 62-A District Court for the County of Kent, State of Michigan. (ECF No. 1-1 at PageID.5.) The case was assigned to Judge Cortes. On September 16, 2008, Judge Cortes entered an order dismissing the action with prejudice and without costs to either party. The order recited that the parties had placed a stipulation on the record dismissing the complaint and counter-complaint with prejudice. (*Id.*) Klawiter alleges that Judge Cortes improperly dismissed the case because no stipulation of record has ever been proven. The only relief Klawiter seeks in this action is to have Judge Cortes's order "thrown out." (ECF No. 1 at PageID.3.) Klawiter alleges that he filed complaints about the matter with various Michigan agencies and courts without obtaining any relief. (*Id.* at PageID.2.)

Klawiter's action against the State of Michigan is subject to dismissal because it is barred by the Eleventh Amendment. The Eleventh Amendment is a jurisdictional bar that a court may raise *sua sponte* at any point in the litigation. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to suit in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, the Eleventh Amendment precludes Klawiter's suit against the State of Michigan in this federal court. Likewise, his suit against the 62-A District Court is barred by the Eleventh Amendment because Michigan's courts are arms of the State of Michigan entitled to immunity. *Pucci v. 19th District Court*, 628 F.3d 752, 760–74 (6th Cir. 2010). Moreover, to the extent Plaintiff intended to sue Judge Cortes in his official capacity, he too is entitled to Eleventh Amendment immunity. *See Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities."); *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *6 (E.D. Mich. Feb. 18, 2010) ("[A]s a state employee sued in his official capacity, the suit is really against the State of Michigan

and, therefore, Judge Hultgren is entitled to immunity from suit pursuant to the Eleventh Amendment and the doctrine of sovereign immunity.").[1]

Finally, the Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment— situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Klawiter's complaint falls into the former group of cases—an impermissible attack on a state-court judgment. Klawiter explicitly requests that Judge Cortes's order be "thrown out." (ECF No. 1 at PageID.3.) In short, Plaintiff is asking this Court to act as an appellate court to

---

[1] Although Klawiter does not seek damages against Judge Cortes, any such request would be barred by the doctrine of absolute judicial immunity as Judge Cortes was clearly performing a judicial function in entering the order of dismissal. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991).

3

review Judge Cortes's order. However, it is well established that there is no federal jurisdiction when, as here, "the claim is 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

Accordingly, I recommend that this action be **dismissed**.

Date: August 22, 2024   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).